THE STATE, THE WEST JERSEY RAILROAD COMPANY, PROSECUTORS, v. THE RECEIVER OF TAXES OF THE CITY OF CAMDEN.

1. The legal terminus of the road of the prosecutor is not its junction with the tracks of the Camden and Amboy Railroad Company, but a place near the Delaware river.

2. The expression, " *at the* termini," in the proviso of the first section of the railroad tax act, approved April 2d, 1873, means "*near the* termini."

On *certiorari.*

Argued at November Term, 1875, before Justices KNAPP and DIXON.

For the prosecution, *S. H. Grey.*

For the defendant, *Hugg.*

The opinion of the court was delivered by

DIXON, J. The question in this case involves, to some extent, the interpretation of the proviso of the first section of the act entitled " An act to establish just rules for the taxation of railroad corporations, and to induce their acceptance and uniform adoption," approved April 2d, 1873. *Pamph. L.* 112.

The West Jersey Railroad Company was, by its charter, approved February 5th, 1853, (*Pamph. L.* 39,) authorized

to construct a railroad from the city of Camden, terminating at or near the city of Cape Island, (§ 6,) and to purchase, have, and hold real estate at the commencement and termini of its railroad and at any intermediate depot upon the line of the same, not exceeding six acres at each place, (§ 10.)   By a supplement approved March 24th, 1862, (*Pamph. L.* 293,) it was further authorized to construct a branch to commence on the line of its railroad, at or near the Gloucester station, or some point north thereof on said road, and running from thence through the county of Camden, to a point on the Camden and Amboy railroad, at or near Cooper's creek, or some point west thereof on said road, with the privilege of contracting with the Camden and Amboy Railroad Company for the transportation of passengers and freight; and for that purpose it was invested with all the rights, powers, authorities, and privileges given and granted by the said original act of incorporation, the same as if the power of thus extending its road and constructing said branch had been thereby conferred.   A further supplement, approved March 15th, 1864, (*Pamph. L.* 283,) authorized it to purchase and hold, at the termini of its road, and at any intermediate station on the line thereof, any amount of land, not to exceed fifteen acres for each station and each terminus, in addition to the amount allowed by the charter, that it might deem necessary for the purposes of the road.

Pursuant to the supplement of 1862, the company constructed a branch from Gloucester station to the Camden and Amboy railroad, intersecting that road at a point about three thousand feet west of Cooper's creek, and entered into an arrangement with the Camden and Amboy Railroad Company, by which the West Jersey company was to transport its passengers and freight in its own cars from that point of intersection eastwardly to the Delaware river, running partly over the tracks of the Camden and Amboy company, and partly over tracks which the latter company was to lay for the West Jersey company.   This arrangement was carried out, and under it the West Jersey company has since been,

and still is delivering and receiving its freight and passengers at the Delaware river, in the city of Camden. The point of intersection before spoken of is also within the city limits.

In 1873 the West Jersey company had in process of construction a three-story brick building, designed to be used for the general offices of the company. It was located upon a plot of ground about one hundred feet square, lying about fifty feet north of the track laid by the Camden and Amboy company, for the use of and used by the West Jersey company, and about twenty-five hundred feet west of the before mentioned point of intersection, and about five hundred feet east of the Delaware river.

Upon this building the city of Camden imposed a tax of $250 for the year 1873, and the company seeks by this suit to have that tax set aside, upon the ground that the property is exempt under the proviso in said act of 1873. It does not appear that the company claims exemption under said proviso for any other parcel of land in the city of Camden.

The question raised and to be decided is, whether this tract of land is at the terminus of the company's road, within the meaning of that proviso.

It is claimed, on the part of the city, that the terminus of the road is its point of intersection with the Camden and Amboy road, and the tract intended in this proviso must be located at that point. It is plain, however, that no such narrow construction can be given to the law. While acts granting franchises are to be strictly construed, they must yet have a reasonable interpretation, which regards the subject matter and the public objects of the grant. One great purpose of the legislature in permitting the West Jersey company to intersect the road of the Camden and Amboy company, and to contract with it for the transportation of passengers and freight was, doubtless, to enable it to reach the Delaware river at a place convenient for access to the city of Philadelphia. It could not have been designed that the company should have its offices and depots at the point of junction with the other road, and so be compelled to unload its cars a

half a mile or more from the place to which most of their burden was destined. The charter contemplates that, through some agreement with the Camden and Amboy company, the prosecutor would be able to take its cars over the tracks or property of that company to a suitable landing place within the limits covered by its charter. Such a place is reached near the Delaware river. The terminus so reached is the terminus within the meaning of the act of 1873, and *at* such terminus may the company hold a tract of land exempt from taxation. The word " *at* " is somewhat indefinite ; it may mean " *in,*" or " *within*"—(*The Mohawk Bridge Co.* v. *The Utica and Schenectady Co.,* 6 *Paige* 554)—or it may mean " *near.*" Its primary idea, the lexicographers say, is nearness, and it is less definite than *in* or *on.* In this latter sense it was doubtless used in the act now under consideration. The legislature designed not only that the road-bed, one hundred feet in width, should be exempt, but also that the exemption should extend to a tract of land not over ten acres, located near the terminus where the company might find it most convenient for the transaction of its terminal business. This tract need not include the point where the rails end nor adjoin the roadway. An exercise of reasonable discretion is entrusted to the company to purchase and hold it wherever, *at* (*i. e., near,*) the terminus, convenience may dictate.

Within the purview of the act, so construed, the building and lot of land in question are plainly included, and the tax imposed upon them is unlawful, and must be set aside, but without costs.